**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHAHNAZ KHAN** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **C.A. No. 4:17-cv-7** |
| | § | |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | |
| | § | |
| *Defendant.* | § | |

---

## NOTICE OF REMOVAL

---

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, as well as Local Rule 81, Defendant Wells Fargo Bank, N.A., ("Wells Fargo") hereby removes this action from the 270th Judicial District of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and shows as follows:

### STATE COURT ACTION

1.    On December 30, 2016, Plaintiff Shahnaz Khan ("Plaintiff") filed her Original Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Petition") against Wells Fargo in the 270th Judicial District Court of Harris County, Texas in an action styled *Shahnaz Khan v. Wells Fargo Bank, N.A.*, Cause No. 2016-88889 (the "State Court Action").

2.    This lawsuit concerns Wells Fargo's attempt to foreclose on the property located at 1907 Ray Shell Court, Seabrook, Texas 77586 (the "Property"). Plaintiff purchased the Property on or around May 27, 2004. *See Petition* at ¶ 11. At the time she purchased the

Property, Plaintiff executed a note and deed of trust (collectively, the "Mortgage"), thereby granting a security interest in the Property. *Id.* at ¶¶ 12-14. Despite Plaintiff's default on the Mortgage, Plaintiff now alleges that Wells Fargo cannot foreclose on the Property. In that regard, Plaintiff seeks injunctive relief, declaratory relief, and damages.

3. Wells Fargo denies that Plaintiff is entitled to any of the relief she seeks.

## BASIS FOR REMOVAL

4. Wells Fargo removes the State Court Action to this Court on the basis of diversity jurisdiction.

5. A case may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441. Lawsuits between citizens of different states in which the amount in controversy exceeds $75,000 may be brought in federal court. 28 U.S.C. § 1332. Removal is proper in this case because there is complete diversity of citizenship between the parties and the alleged amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

**(1)      Diversity of Citizenship**

6. Plaintiff and Wells Fargo are citizens of different states.

7. Plaintiff resides in Harris County, Texas. *See Pet.* at ¶ 2.

8. Defendant Wells Fargo Bank, N.A., is a national banking association pursuant to federal law. Under its articles of association, Wells Fargo's main office has been and continues to be located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

**(2)      Amount in Controversy**

9. The amount at issue more likely than not exceeds $75,000 exclusive of interest and costs.

10.     Removal is proper where a defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional minimum. *See St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum].")*; see also White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that it was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition). A defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *Ham v. Board of Pensions of the Presbyterian Church*, No. 3:04-CV-2692-P, 2005 U.S. Dist. LEXIS 3682, at *6-9 (N.D. Tex. Mar. 8, 2005); *Carnahan v. South Pac. R.R. Transp. Co*., 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995).

11.     As an initial matter, Plaintiff admits that she seeks damages in excess of $75,000. *See Pet.* at ¶8.

12.     Additionally, when a suit seeks relief relating to the right to property, the value of the property determines the jurisdictional amount in controversy. *See Nation Star Mortgage LLC v. Knox*, 351 F. App'x 844, 548 (5th Cir. 2007)(citing *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Griffin v. HSBC Bank USA*, No. 3:10-CV-728-L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (finding that where the plaintiff's pleadings bring into dispute the parties' interests in the property, the value of the property is an appropriate measure of the amount in controversy). In particular, where a mortgagor seeks injunctive or declaratory relief to stop foreclosure, the amount in controversy is the value of the property

- 3 -

subject to foreclosure.  *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). Here, Plaintiff is seeking to bar Defendant from enforcing its contractual rights under the Mortgage.  *See* Pl's Petition at Prayer.  As of January 1, 2016, the Harris County Appraisal District valued the Property at $1,227,440.  *See Griffin*, 2010 WL 4781297 at *3 (considering appraisal district figure as evidence that amount in controversy requirement was met).

13.    Plaintiff also seeks attorney's fees, pre-judgment and post-judgment interest, actual damages, punitive damages, and costs of court.  *See Pet.* at Prayer.  It is well established in the Fifth Circuit that potential attorney's fees are part of the amount-in-controversy.  *White*, 319 F.3d at 675-677 (affirming a district court's finding that attorney's fees are part of the amount in controversy); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney's fees in calculating the amount in controversy).  Consequently, based on the relief sought and the value of the property at issue, the amount in controversy more likely than not exceeds the $75,000 requirement.

14.    For the reasons stated above, this Court has jurisdiction over this matter by virtue of diversity jurisdiction.

### PROCEDURAL REQUIREMENTS

15.    Venue is proper in this Court, as the State Court Action is pending within this district and division.  28 U.S.C. § 1441.

16.    This removal is timely.  Wells Fargo has not been served in the State Court Action, and the State Court Action has been pending for fewer than 30 days.  Therefore, this

Notice of Removal is timely because it is filed within thirty days of service. *See* 28 U.S.C. § 1446(b); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

17.    Pursuant to Southern District of Texas Local Rule 81, and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

(a)    An index of matters being filed is attached hereto as **Exhibit A**.

(b)    The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings, all orders signed by the state judge is attached hereto as **Exhibits B (1)–(7)**.

(c)    A list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as **Exhibit C**.

18.    Simultaneous with the filing of this Notice of Removal, Wells Fargo is filing a copy of the Notice in the 295th Judicial District of Harris County, Texas, pursuant to 28 U.S.C. § 1446(d).  Wells Fargo will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

## JURY DEMAND

19.    Plaintiffs did not demand a jury in the State Court Action.

## CONCLUSION

For these reasons, Wells Fargo hereby removes this action from the 270th Judicial District of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,


/s/ Derrick B. Carson by permission K.L.K
DERRICK B. CARSON
State Bar No. 24001847
Southern District Number: 21785
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

**WELLS FARGO BANK, N.A.**

**OF COUNSEL:**
KURT LANCE KROLIKOWSKI
State Bar No. 24074548
Southern District Number: 1146373
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

ROBERT T. MOWREY
State Bar No. 14607500
Southern District Number: 9529
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 – *telephone*
(214) 740-8800 – *facsimile*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent to all parties shown below, via electronic notification, certified mail return receipt requested, facsimile, or hand delivery on this the 3rd day of January 2017:

Gary M. Riebschlager
601 Sawyer, Suite 600
Houston, Texas 77002
(713) 343-8893 – *telephone*
(713) 583-5915 – *facsimile*

David M. Medina
5300 Memorial Drive, Suite 890
Houston, Texas 77007
(713) 862-7772 – *telephone*
(713) 862-1002 – *facsimile*

/s/ Kurt Lance Krolikowski
Kurt Lance Krolikowski